UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

GARY DALE DUNN,           )
                          )
       Plaintiff,         )
                          )
v.                        )     No. 4:17-CV-2567 JAR
                          )
ZACH JACOBSON, et al.,    )
                          )
       Defendants.        )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Gary Dale Dunn, a prisoner, for leave to commence this action without prepayment of the filing fee. Having reviewed plaintiff's financial information, the Court will assess an initial partial filing fee of $10.00. In addition, the Court will allow plaintiff the opportunity to submit an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a certified copy of his prison account statement for the one month preceding the submission of his complaint, which is the amount of time he had been in custody of the Missouri Department of Corrections. A review of plaintiff's account indicates a deposit of $360 for this month. Because the Court does not have plaintiff's prisoner account statement for the preceding six-month period, but only for the month plaintiff has been in the custody of the Missouri Department of Corrections, it cannot consider plaintiff's $360 deposit to be an average monthly deposit Based on the financial information reviewed by the Court, it finds plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $10.00, an amount that is reasonable based upon the information the Court has about plaintiff's finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in

ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff, formerly an inmate at Washington County Jail, brings this action to redress violations of his civil rights, and names as defendants Zach Jacobson (Sheriff, Washington County), Shannon Thompson (Jail Administrator, Washington County Jail), Steven Rion (Chief of Custody, Washington County Jail), and Brandon Thomolsin (Deputy, Washington County Jail). Plaintiff alleges that these jail officials refused provide him with the orthopedic shoes he requires to accommodate his leg length discrepancy of 2.5 inches. He also states these defendants told him he would need to see a doctor about his medications, and he did not receive his medications for three weeks. During these three weeks, he passed blood and had several seizures. After one seizure, plaintiff alleges he was taken to the booking area, given a candy bar, placed on the floor, and returned to his cell an hour later.

In addition, plaintiff states he informed Jacobson, Thompson, and Rion that "the black mold, no towel or hygiene supplies, and being placed in a four-man cell with 12 to 15 inmates violated [his] constitutional rights."

**Discussion**

To prevail on his Eighth Amendment claim, plaintiff must show that (1) he suffered from an objectively serious medical need and (2) defendant knew of, but deliberately disregarded, that need. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

Here, plaintiff states that he was not provided his required orthopedic shoes and he did not receive his medications for three weeks after he was booked in the Washington County Jail. He alleges he "passed blood" and had seizures for two weeks. As currently drafted, plaintiff's allegations are too conclusory to pass initial review. For example, plaintiff has not alleged what medications he was taking that were denied to him at Washington County Jail. He has not alleged which of the four defendants denied him his medications. Nor has he alleged what conditions were being treated by the medications. Because plaintiff's complaint lacks these facts, the Court cannot find any causal connection between defendant's denial of medications and plaintiff's passing of blood and seizures. The Court has no information from which it could determine that plaintiff passed blood and had seizures because he was denied his medications.

As to plaintiff's allegations regarding mold, lack of towels, and overcrowded cells, these allegations are conclusory, and fail to state a claim upon which relief can be granted. *See*

*Hudson v. McMillian*, 112 S.Ct. 995, 999-1000 (1992) (to establish objective component of conditions-of-confinement claim, deprivation must be "extreme" and must deny "minimal civilized measure of life's necessities."); *Wilson v. Seiter*, 111 S. Ct. 2321, 2326 (1991); *Seltzer-Bey v. Delo*, 66 F.3d 961, 963-64 (8th Cir. 1995) (for conditions of confinement to violate Eighth Amendment, inmate must show alleged deprivations denied him minimal civilized measure of life's necessities and defendants were deliberately indifferent to excessive risk to his health or safety). Plaintiff has not alleged any harm arising out of the allegedly unlawful conditions, he merely concludes that the presence of mold, lack of towels and hygiene supplies, and 12 to 15 prisoners per cell violated his constitutional rights. Moreover, these allegations regarding his conditions of confinement do not relate to plaintiff's allegations regarding defendants' failure to provide medical treatment. To the extent plaintiff seeks to bring a claim based on his conditions of confinement, he should do so in a separate complaint.

Because plaintiff is proceeding pro se and in forma pauperis, the Court will give him an opportunity to file an amended complaint in this action. In so doing, plaintiff should select the transaction or occurrence he wishes to pursue, in accordance with Rules 18 and 20 of the Federal Rules of Civil Procedure, and file an amended complaint, limiting his facts and allegations to the defendants involved in that transaction. Plaintiff should only include in his amended complaint those claims that arise out of the same transaction or occurrence, or simply put, claims that have some relation to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose to select one defendant and set forth as many claims as he has against that single individual. *See* Fed. R. Civ. P. 18(a).

Plaintiff is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Specifically, in the "Caption" of the form complaint, plaintiff shall set forth the name and title, or occupation, of each defendant he wishes to sue; and in the "Statement of Claim," plaintiff shall start by typing or writing the first defendant's name, and under that name, he shall set forth in separate numbered paragraphs the allegations supporting his claims as to that particular defendant, as well as the rights that he claims that particular defendant violated. If plaintiff is suing more than one defendant, he shall proceed in this manner with each of the named defendants, separately setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the rights that he claims that particular defendant violated.

Because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time. Plaintiff is advised that the amended complaint will replace the original complaint and will be the only pleading this Court reviews. *See, e.g.*, *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

If plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim on a separate complaint form and either pay the filing fee or file a motion for leave to proceed in forma pauperis and certified inmate account statement. Because each complaint would be filed as a new action, plaintiff should not put a cause number on them; the Clerk of Court will assign a cause number to each new action. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $10.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint, in accordance with the instructions set forth in this Memorandum and Order, no later than twenty-one (21) days from the date of this Memorandum and Order. Plaintiff is advised that his failure to comply with this Order will result of the dismissal of this action, without prejudice and without further notice to him.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff three blank form complaints for the filing of a prisoner civil rights complaint. Plaintiff may request additional forms from the Clerk, as needed.

Dated this 20th day of March, 2018.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

-7-